IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIS WALKER | § | |
| v. | § | CIVIL ACTION NO. 5:22cv64-RWS-JBB |
| KIMBERLEY WEAVER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Willis Walker, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights. The Defendants named in Plaintiff's amended complaint are the Texarkana police department and Officers Kimberley Weaver and Jordan Starkey.

**I. The Plaintiff's Claims**

In his amended complaint, Plaintiff states that Officer Weaver arrested him for possession of a controlled substance, but the jury found him not guilty. According to Plaintiff's pleadings in another lawsuit, this arrest occurred on December 17, 2018. On May 10, 2021, Officer Starkey and Lt. Brower arrested him and falsely charged him. Plaintiff states that he had already been found not guilty of the charges in 2018-2019.

Bowie County's on-line judicial records show that Plaintiff was arrested on December 17, 2018, on charges of possession of a controlled substance in Penalty Group One, in the amount of four grams to 200 grams. On April 16, 2019, Plaintiff was arrested on a charge of failure to appear for the charge of possession of a controlled substance occurring on December 17, 2018. He stayed in jail until November 18, 2019, when he pleaded guilty, receiving a sentence of 217 days in county jail, including credit for 217 days of time served. *See Texas v. Walker*, No. 19F0166-202, 202nd Dist. Crt., available at https://perma.cc/9UGM-LAJP, click on Criminal Case Records, select Case, search for Case No. 19F0166-202).

1

Plaintiff was then arrested on May 10, 2021, on another charge of possession of a controlled substance in Penalty Group One, in the amount of four grams to 200 grams, with a listed offense date of May 10, 2021. He was released on a personal recognizance bond a week later, on May 17, 2021.

On January 13, 2022, Plaintiff was arrested on a bond surrender for a number of charges, including possession of a controlled substance in Penalty Group One, in the amount of four grams to 200 grams. On April 7, 2022, Plaintiff was charged with two counts of attempting to possess a controlled substance and one count of attempting to tamper with physical evidence. One of the attempts to possess charge was dismissed, and Plaintiff was convicted on the other attempt to possess charge and the attempt to tamper charge, receiving sentences of 365 days in county jail. The jail records show that he was released on January 12, 2023, after the service of 365 days from the date of his arrest. Plaintiff has not contacted the Court since his release from jail, and his current address or whereabouts are unknown. *See Texas v. Walker*, No. 21F1828-202, 202nd Dist. Crt., available at https://perma.cc/CKC2-2E7P, click on Criminal Case Records, select Case, search for Case No. 21F1828-202-202).

**II. Discussion**

Plaintiff has not contacted the Court since filing his amended complaint in June of 2022. Mail sent in other cases to Plaintiff at his last known address has been returned as undeliverable. *See Walker v. Tidwell, et al.*, civil action no. 5:22cv68 (Magistrate Judge's Report sent August 1, 2023 and final judgment sent November 28, 2023 returned as undeliverable). As such, Plaintiff has failed to prosecute his case. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Rule 41(b), F. R. Civ. P.; s*ee Wheatley v. Scott*, civil action no. 1:12cv317, 2018 WL 3371925 (E.D. Tex., June 15, 2018), *report adopted at* 2018 WL 3369422 (E.D. Tex., July 10, 2018) (lawsuit dismissed for failure to prosecute after the plaintiff did not contact the Court for some two years); *Callier v. Cain*, civil action no. 3:11cv2144, 2012 WL 2602958 (W.D. La., June 6, 2012), *report adopted at* 2012 WL 2674595 (W.D. La., July 3, 2012) (stating that "indeed, the evidence suggests

that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago"). Consequently, his lawsuit may be dismissed.

     Plaintiff complains that Officer Weaver arrested him but the charges were later dismissed. Even if this is accurate, the mere fact that charges were dismissed after an arrest does not give rise to a cause of action; the Fifth Circuit has explained that the Constitution does not provide a cause of action for every defendant acquitted or every subject released. *Sanchez v. Swyden*, 139 F.3d 464, 468 (5th Cir. 1998). Other than his contention that the charges were later dropped, Plaintiff has not set out any facts showing that the arrest was wrongful. *See Gladden v. Roach*, 864 F.2d 1196, 1201 (5th Cir. 1989) (false arrest claim requires a showing that the arrest was performed without authority of law); *Rhodes v. Prince*, 360 F.App'x 555, 559 (5th Cir. 2010) (an "arrest" is a legal conclusion and a necessary element of a false arrest claim, so merely alleging that the plaintiff was "arrested" is simply a formulaic recitation of the elements of a constitutional claim and is not entitled to be assumed true).  He has not stated a claim upon which relief may be granted against Officer Weaver.

     Plaintiff also complains that Officer Starkey arrested him on charges which had been dismissed two to three years earlier. However, the Bowie County records indicate that Office Starkey's arrest was not for the same 2018 charges on which he was arrested by Officer Weaver, but for a new offense occurring on May 10, 2021, the date of the arrest. Documents furnished by Plaintiff in cause no. 5:22cv65 (Dkt. No. 2-1, p. 7) confirm this, showing that Plaintiff was arrested for possession of a controlled substance in Penalty Group One, four to less than 200 grams, in a warrantless / on-view arrest. Plaintiff has likewise not offered any facts showing that his arrest by Officer Starkey was wrongful or without authority of law.  He has failed to state a claim upon which relief may be granted against Officer Starkey.

     Plaintiff also sues the City of Texarkana Police Department.  However, the City of Texarkana Police Department is a sub-unit of the City of Texarkana and has no legal existence apart from the

city; consequently, the police department cannot be sued in its own name. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff does not allege, much less show, that the true political entity, the City of Texarkana, has taken explicit steps to grant the police department jural authority, meaning that the police department cannot engage in any litigation except in concert with the city itself. *Id.*; *see also Barrie v. Nueces County District Attorney's Office*, 753 F.App'x 260, 264 (5th Cir. 2018); *Goodnight v. Rains County Sheriff's Department*, civil action no. 6:13cv96, 2013 U.S. Dist. LEXIS 80946 at *2 (E.D. Tex. 2013).  Because the City of Texarkana Police Department has no separate jural existence and is not a suable entity, Plaintiff has failed to state a claim upon which relief may be granted against it.

### III. Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

Plaintiff's allegations wholly fail to set out sufficient facts that, taken as true, state a claim for relief which is plausible on its face because his complaint lacks factual allegations regarding any required elements for relief. His lawsuit may be dismissed for failure to state a claim upon which relief may be granted and, alternatively, for failure to prosecute; in the interest of justice, however, this dismissal should be without prejudice.

RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute and failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 15th day of December, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE